Good morning. May it please the Court, Anthony Bornstein on behalf of the appellant, Mr. Christensen. Your Honor, there are three distinct issues before the Court at this level of litigation. There's the merits of the sufficiency of the evidence issue and whether the State Court's decision was unreasonable. There's the preservation issue and the issue of custody. And with the Court's permission, I would start with the preservation issue on Mr. Christensen's direct appeal from the conviction of coercion. Most importantly, the sufficiency issue was not raised in some highly unusual posture where the Court could not consider the issue. In fact, in Oregon, issues of sufficiency of the evidence had been the subject of plain error review in prior litigation. And cases are even cited in the State's brief to that effect. An assignment of error, even plain error, before the intermediate court of appeals is the procedurally correct mechanism for raising such a plain error. And an error could not be more plain wherein the State had failed to establish a particular element of the conviction and the crime beyond a reasonable doubt. To be sure, this case involved a silent affirmance, but that does not mean that Mr. Christensen in any way defaulted the issue by failing to present it to the intermediate appellate court. To the contrary, the Court was given a fair opportunity to address the issue of the sufficiency of the evidence, and I would submit to that. Kennedy, what was raised to the Oregon court of appeals? Whether the trial court failed to sua sponte grant a judgment of acquittal to the defendant, now the Petitioner, based on the insufficiency of the State's proof. That issue was presented to the Oregon court of appeals. That issue. The problem was that you had failed to raise it in the trial court. Yes. Mr. Christensen had failed to raise it in the trial court. He did not raise it in the trial court, and that was acknowledged by the appellant. Did the Oregon court of appeals address the argument? What we know from the silent affirmance is that the issue of plain error, as well as the citations to past cases where the court had reached sufficiency of the evidence without a trial-level objection, was before the court in the briefing. The State, in arguing that there was no plain error committed by the trial court, in fact, intertwined the merits. They argued specifically in page ER63 in their brief on direct appeal. They stated, because there is some evidence that supports defendant's coercion conviction, the trial court did not commit plain error. My problem is earlier. I'm willing to go along with the idea that if your claim on the merits is right, he's in custody. I suspect he has named the wrong defendants because he's not in the custody of Oregon. He's in the custody of Idaho. That's a curable defect. My problem is Lackawanna. How do you fit within the exceptions to Lackawanna? Your Honor, I would submit that the distinguishing feature for purposes of custody is this, and I'm relying specifically on pages from the U.S. Supreme Court reporter at pages 406 and 407 of the Lackawanna decision. Hang on a second. Okay. I'm there. Okay. At 407, the court states, I'm actually on 407. I'm just kind of trying to pick up the sentence that you're referring to. Where are we on that page? I believe that was 407 of the Lackawanna decision. Yeah. I'm on page 407.  I'm on page 407 of the Lackawanna decision. I believe I have the right page cited, Your Honor, and I just have a quote. Yeah. Read me the sentence slowly so maybe I can just find it. That's okay. You did it fine, but you were just too fast. Okay. The quotation that I'm relying on, and I trust, again, it is not 407, but the quote is, it is clear that any consideration the trial court may have given to Casa's 1986 convictions in reimposing sentence for his 1990 conviction did not actually affect that sentence, that criminal sentence. That's in the plurality decision, right? That is in the plurality decision, yes. Which I believe commands the or is the most narrow holding for the case. And again, the court states, quote, it is clear that Casa's 1986 convictions had no role in determining the range of sentences to which Casa was exposed. And I would submit to the court that in the Christensen case, the distinguishing feature is that it appears that Mr. Christensen's sentence was, to some degree, enhanced by the organ prior. And while there is not absolute precision in our record, we were able to obtain some records from the Idaho court, which indicates that the court did give some consideration to that previous conviction in Oregon for coercion. In fact, in the plea agreement, the state concedes that they would not seek habitual offender status for Mr. Christensen in sentencing him. And I would suggest that he then most likely or probably, in all likelihood, did receive some sentencing enhancement or increased punishment for having the prior record that he did. It is highly unlikely that the court did not regard or take into consideration his coercion conviction from Oregon. Kennedy. The interplay here between the exceptions and the who got sued and all that, I'm still having trouble with the argument. Basically, you're saying that even though Wakawano has these exceptions, he comes within the exceptions because in Section C that you're reading from, of Justice O'Connor's opinion, that that case brings him within the exception? Well, I'm just trying to find what are we going to do? Wakawano talks about before then, under 2254, there's no remedy because once the Oregon conviction became final, then all the policies of an Idaho court, a sentencing court, even if it does rely on it to some extent, winds up confounding Idaho's sentencing procedure. So he's brought this loss. In Wakawano, they were in the same state. In this case, we've got him going to the Oregon district court to now attack the Oregon final conviction, which is the last, and then saying, but the reason I'm in custody to give the jurisdiction is because I suffered a collateral consequence, in effect, over in Idaho, and I want you, Oregon district court, to review the final Oregon state conviction so I can be given relief in the Idaho sentencing process. Well, the thrust of our case is that he's challenging the constitutionality of the basis for his sentence in Idaho. There was an unusual litigation in the district court originally, and that is because the petition was filed in Oregon by predecessor counsel. There was an initial, I believe, motion to dismiss for lack of jurisdiction. Arguments were briefed and raised on that issue, and the district court went forward, finding that there was jurisdiction. The case was then briefed both on the merits and procedurally, and the court ultimately ruled on the merits and issued an alternative ruling on the custody issue. But we, again, would submit that the petitioner's challenge here is to the constitutionality of the basis for his enhancement in Idaho, and that is the coercion conviction. That's in line with the procedural default argument, because hasn't he foregone his attack, the very attack that you're now trying to bring collaterally? The attack directly in Idaho State? No, on the Oregon underlying conviction. Well, I mean, this was a and is a challenge to the coercion conviction. He raised that on direct appeal. He then lost in the Oregon courts on that. The Oregon Supreme Court denied review. And then he did raise collateral challenges in State post-conviction proceedings, raising issues that were not. Okay. So the exception, as the opinion states, is it is not always the case, however, that a defendant can be faulted for failing to obtain timely review of a constitutional claim. For example, a State court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it. He did get a ruling. He did get. He got a ruling from the Oregon Supreme Court. So why does he come within this exception to 2254 relief? Well, it's our essential position, Your Honor, that the two cases are intertwined. He is challenging in this Federal habeas case the coercion conviction under 2254, and that is the basis for the enhancement of the Idaho. So, you know, she says in such situations where he hasn't gotten a State court review, a habeas petition directed at the enhanced sentence may be his only chance to get review. But that's not the fact here. So why are we – why are you relying on 407, page 407, when the predicate to getting there is that somehow he's coming within the exception? You know, she's talking about – the court there is talking about what happens if he didn't get the State court review. Now, if it – the exception is now he didn't get a chance. He didn't get a shot at it. So if, in fact, the enhanced sentence really is based on something he never got a chance to challenge, then that would be okay. But in Lackawanna, to go undefined, the district court – you know, the sentencing court in Idaho in this case clearly ruled out the enhancement based on the Oregon – I'm substituting, obviously, Idaho and Oregon for Lackawanna. In this case, you could arguably say, well, the Idaho court may have the light on it to some extent. But so what? It hasn't crossed the threshold into the exception, as I understand your argument. Well, I believe that the certainty with which there was a – that the earlier conviction had played no role in the sentences to the Petitioner in that case, the subsequent sentences, distinguishes it from our case where – Breyer. Counsel, come back to the, you know, the earlier part before it closed. If the State court has refused to rule on the basis of the current constitutional challenge, which is not the case here, would you agree with that? I would agree that this is not a case where the State court did not have a chance to rule. Thank you. Thank you. I see that I'm out of time, Your Honor. We'll hear from the other side, but we will give you a chance to respond. Thank you. May it please the Court, Counsel. Ryan Kahn, appearing for the Defendant, State Attorney General. I don't really have a whole lot to add to the brief. I think that the primary issue and the easiest answer and quickest answer to this case is that he named the wrong defendant. Oregon did not have custody, physical custody of him by the time he filed. But if that's the problem, shouldn't we just remand to allow him to replead? I mean, that's a simple answer, but the cure may not end the case. I'm sorry? Remand for the purposes of? To allow him to replead and to name the proper defendant. It's a curable defect, so I'm not sure you want to say that's the answer you want. Yeah. I mean, I don't know that I suppose that's one possibility. I mean, we do the other. If he were to remand, who would you, who would you, who could he refile against? The warden in Idaho? Potentially, I suppose. Could he file that in Oregon? I'm sorry? Can he file that in Oregon? Not to my knowledge, no. He'd have to file it in Idaho. Right. If he filed it in Idaho, we'd ask the Federal court in Idaho to review what? The Oregon sentence? That would theoretically be the way that it would work. I don't know. I don't purport to know whether that's possible. It seems to me, my gut would tell me that the ship has sort of sailed in the sense that he would have had to have filed this in, I mean, it's a completely different district, I'm assuming, district court. If that is something that the court is troubled by, I think that there are plenty of other reasons why his claim fails as well, which. Well, at least, for me, at least it's a tricky question. And Lackawanna is premised upon it all coming within the same jurisdiction. This is a different case because of the different jurisdictions. Right. And, therefore, we have a problem as to who's the custodian, who's the proper defendant, and so on. Your Honor, the other answer that we've talked about, and that's sort of the answer that the district court first talked about, at least with respect to the in-custody issue, is that there is no evidence to show. It would be his burden to show, to get this exception to apply, it would be his burden to show that this Oregon conviction did have some effect, some actual effect on his Idaho sentence and conviction. And the court held that there was no, the court concluded that there was no evidence of that. I think Petitioner, even in his brief, admits that it's unclear the extent to which the Oregon conviction had any effect. It was his burden to show that it did, not just that it was possible. So he failed for that reason. And then beyond that, even if you get beyond that, then there is, the exception is extremely narrow for what the court can address, even at that point. And we didn't go that far in our brief because we didn't think it was necessary. So, anyways, that's the custody issue. I wasn't planning on addressing, I don't have anything really to add to the procedural default issue unless the Court has questions about that. Okay. Thank you. Roberts. Thank you. Would you like a minute? Kennedy. I have a question. Maybe just to make sure I'm understanding your proposition. I'm going to come back to what the exception says and see where you fit within it. It says you have to demonstrate constitutional error. So the Court says, it is not always the case, however, that a defendant can be faulted for failing to obtain timely review of a constitutional claim. For example, a state court may, without justification, refuse to rule on a constitutional claim that has been properly presented to it. You started off your argument on procedural default. You acknowledged that he did not raise in the Oregon court the argument of constitutional defect you are now arguing. But in your earlier response, I thought you said that the Oregon courts did have the chance to rule on it. Well, the claim was not raised at the trial court level. But it was raised on appeal. Yes. Okay. And the Oregon Supreme Court addressed it on the merits. The Oregon Supreme Court had a fair opportunity. They denied review. Okay. So you don't come on the face of that within this exception, as far as I can tell you. It did not refuse to rule on a constitutional claim that had been properly presented to it. I would just respectfully, Your Honor, do not read the exception as narrowly as Your Honor's question suggests. I think that the language that I had quoted earlier fleshes out the nature of the Court's refusal to find jurisdiction in that case. Okay. All right. I think that's fair. Okay. Thanks. Thank both sides for your arguments. Christensen v. Kroger submitted for decision.
judges: Fletcher, Fisher, Bybee